```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

LORAINE BARLOW-ALBALODEJO      :      CIVIL ACTION
                               :
            v.                 :      NO. 2:02-cv-04815-BMS
                               :
TOWN MOTORS OF EXTON, INC.     :

**DEFENDANT, TOWN MOTORS OF EXTON, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

<u>PARTIES</u>

1.  Denied. After reasonable investigation, defendant, Town Motors of Exton, Inc. (hereinafter "Town Motors"), is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 and the same are therefore denied and strict proof thereof is demanded at the trial of this matter.

2.  Admitted.

<u>JURISDICTION</u>

3.  Denied. It is denied that jurisdiction is proper in the United States District Court for the Eastern District of Pennsylvania. It is denied that the amount in controversy is in excess of $75,000.00.

4.  Denied. It is denied that venue is proper in the Eastern District of Pennsylvania. Strict proof of same is demanded at the trial of this matter.

<u>AGENCY</u>

5.  Admitted in part, denied in part. It is admitted that Jeffrey Manning was employed by Town Motors at the time and place

of the subject accident. It is denied as stated, however, that Jeffrey Manning was "acting within the course and scope of employment" at the time of the subject accident. Strict proof of the denied averments is demanded at the trial of this matter.

## FACTS

6. Denied. The averments in paragraph 6 are denied and deemed to be issue and strict proof of same is demanded at the trial of this matter.

7. Denied. It is specifically denied that Jeffrey Manning was careless or that his alleged carelessness was the sole cause of the incident.

8. Denied. It is specifically denied that Town Motors was negligent. It is specifically denied that Town Motors is liable for Jeffrey Manning's alleged negligence. The averments in paragraph 8 are denied and deemed to be at issue and strict proof of same is demanded at the trial of this matter.

9. Denied. It is specifically denied that Town Motors was negligent. It is specifically denied that Town Motors' alleged negligence caused or contributed to plaintiff's alleged injuries or damages. The averments regarding plaintiff's alleged injuries or damages are denied and deemed to be at issue under the Federal Rules of Civil Procedure and strict proof of same is demanded at the trial of this matter.

WHEREFORE, Town Motors denies any liability on plaintiff's cause of action and demands that plaintiff's complaint be dismissed with prejudice and that judgment be

entered in favor of Town Motors of Exton, Inc. and against plaintiff.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Town Motors incorporates its answers contained in paragraphs 1 through 9 inclusive as though the same were set forth at length hereinafter.

SECOND AFFIRMATIVE DEFENSE

This Honorable Court lacks jurisdiction over the person of defendant, Town Motors of Exton, Inc.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action against defendant upon which relief can be granted.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

FIFTH AFFIRMATIVE DEFENSE

It is averred that if plaintiff suffered any injuries or damages as alleged, the injuries or damages were caused solely and primarily by plaintiff's own carelessness, recklessness and negligence.

SIXTH AFFIRMATIVE DEFENSE

It is averred that at the time, place and date stated in plaintiff's complaint, plaintiff, by her own conduct, did assume the risk of any or all injuries or damages which she alleges to have suffered.

SEVENTH AFFIRMATIVE DEFENSE

If it is determined that Town Motors is liable on plaintiff's cause of action, plaintiff's recovery should be eliminated or reduced in accordance with the Pennsylvania Comparative Negligence Act. See 42 Pa. C.S.A. §7102.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the Pennsylvania Workmen's Compensation Act, as amended.

### NINTH AFFIRMATIVE DEFENSE

Some or all of the damages claimed by the plaintiff are not recoverable under the applicable law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is circumscribed by the Pennsylvania Motor Vehicle Financial Responsibility Law and Town Motors avers that plaintiff's remedies are limited exclusively thereto. See 75 Pa. C.S.A. §1701 et seq., as amended.

### ELEVENTH AFFIRMATIVE DEFENSE

The Pennsylvania Motor Vehicle Financial Responsibility Law precludes the plaintiff from recovering any or all damages. See 75 Pa. C.S.A. §1701 et seq., as amended.

### TWELFTH AFFIRMATIVE DEFENSE

If plaintiff is bound by the Limited Tort Option provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, then plaintiff is not eligible to recover non-economic losses arising from this accident inasmuch as plaintiff did not suffer death, serious impairment of bodily function or

permanent or serious disfigurement.  See 75 Pa. C.S.A. §1701 <u>et seq</u>., as amended.

### THIRTEENTH AFFIRMATIVE DEFENSE

Town Motors asserts each and every defense to which it is entitled under the Pennsylvania Motor Vehicle Financial Responsibility Law.  See 75 Pa. C.S.A. §1701 <u>et</u> <u>seq</u>., as amended.

### FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff sustained any injuries or damages as alleged, the injuries or damages were caused by persons or entities over whom Town Motors had no control and for whose actions Town Motors is not responsible.

WHEREFORE, Town Motors denies any liability on plaintiff's cause of action and demands that plaintiff's complaint be dismissed with prejudice and that judgment be entered in favor of Town Motors and against plaintiff.

               CONNOR WEBER & OBERLIES

               _____
               Joseph M. Oberlies, Esquire
               Suite 1C47, The Philadelphian
               2401 Pennsylvania Avenue
               Philadelphia, PA   19130
               (215) 978-2900
               Attorneys for Defendant,
               Town Motors of Exton, Inc.

**CERTIFICATE OF SERVICE**

    JOSEPH M. OBERLIES, ESQUIRE certifies that on November 12, 2002 he served a true and correct copy of Defendant, Town Motors of Exton, Inc.'s Answer With Affirmative Defenses on counsel for plaintiff by mailing same to him via U.S. first class mail, postage prepaid, at the following address:

>     J. Michael Considine, Jr., Esquire
>     22 North Walnut Street
>     Suite 202
>     West Chester, PA   19380

 

_____
JOSEPH M. OBERLIES, ESQUIRE