```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LORAINE BARLOW-ALBALODEJO         :    CIVIL ACTION
                                  :
          v.                      :    NO. 2:02-cv-04815-BMS
                                  :
TOWN MOTORS OF EXTON, INC.        :
```

### ORDER

AND NOW, this _____ day of _____, 2003, upon consideration of Plaintiff's Motion for Reconsideration of Plaintiff's Motion to Compel Medical Information and Medical Records of Jeffrey Manning, and Town Motors' opposition thereto, it is hereby ORDERED that said motion is DENIED, with prejudice.

BY THE COURT:

_____
                                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORAINE BARLOW-ALBALODEJO | : | CIVIL ACTION |
| v. | : | NO. 2:02-cv-04815-BMS |
| TOWN MOTORS OF EXTON, INC. | : | |

**DEFENDANT, TOWN MOTORS OF EXTON, INC.'S
OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF PLAINTIFF'S MOTION TO COMPEL MEDICAL INFORMATION
AND MEDICAL RECORDS OF JEFFREY MANNING**

1-2. Admitted in part, denied in part. It is admitted that in March 2003, plaintiff served certain additional interrogatories and document requests on defendant, Town Motors of Exton, Inc. (hereinafter "Town Motors"), regarding healthcare information and records of Jeffrey Manning, a service technician for Town Motors who was operating a vehicle involved in the subject motor vehicle accident on July 26, 2000. It is specifically denied, however, that plaintiff is entitled to the requested information. Jeffrey Manning is not a party to the suit. Plaintiff never sued Jeffrey Manning or moved to join Jeffrey Manning in the instant litigation. Jeffrey Manning's health, medical condition and medical status are not at issue in this case, which involve plaintiff's claim of money damages for her injuries sustained in the accident.

In fact, Town Motors has objected to providing this information as "irrelevant, immaterial, privileged, confidential, not reasonably likely to lead to the discovery of admissible

evidence and not otherwise discoverable under the Federal Rules of Civil Procedure."

Finally, Judge Schiller has already denied plaintiff's motion to compel this information and records regarding same, finding them to be irrelevant and not germane to plaintiff's damages in this case. (Telephone conference call with Judge Schiller, May 12, 2003.)

3. Admitted.

4. Denied. It is specifically denied that the medical condition or the medical records of Jeffrey Manning, who is not a party to this suit, are relevant in any regard. Even if the records were somehow "relevant," the medical records of Jeffrey Manning are confidential under the common law, under Pennsylvania state law and under federal law.

By way of further information, plaintiff has not attached or referenced any report, writing, publication or affidavit from Thomas P. Lacek, P.E. Town Motors does not know who Thomas P. Lacek, P.E. is or what he does. Thomas P. Lacek, P.E. has not been identified as an expert by plaintiff. Thomas P. Lacek, P.E. has not provided an affidavit saying how Jeffrey Manning's physical or medical condition after the accident have anything to do with plaintiff's medical conditions. Moreover, the crash was not "severe," and the physical or medical status of Jeffrey Manning is not related either logically or by engineering concepts or legal principles to the nature or extent of plaintiff's injuries in the accident.

5.  Denied.  It is specifically denied that plaintiff is "disabled" at all, that plaintiff is "totally disabled," or that plaintiff is "permanently disabled."  On the contrary, plaintiff is not "totally disabled," nor is she "permanently disabled."

It is specifically denied that plaintiff suffered a herniated disc as a result of the subject accident.  It is specifically denied that plaintiff's purported herniated disc was "so severe" that plaintiff had "major neck surgery."  Defendant denies all these averments and demands strict proof thereof at trial.

By way of further answer, Town Motors will present evidence that plaintiff's injury is "not severe" and not "totally disabling."

It is specifically denied that Jeffrey Manning's physical or medical condition has anything to do with plaintiff's alleged physical or medical conditions.  Strict proof thereof is demanded at the trial of this matter.  By way of further response, plaintiff has presented not a single shred of evidence indicating the relationship, let alone engineering relationship or perhaps a legal relationship, between Jeffrey Manning's physical condition after the accident and plaintiff's physical condition after the accident.  Plaintiff has not presented a single case, statute or rule in which the relevance of that information is noted, or which otherwise supports the proposition stated by plaintiff.

By way of further response, plaintiff has presented no new information, no new case law and no new arguments since the

conference with Judge Schiller on May 12, 2003 which would or should give pause to this court in regard to its decision at that time, which was to deny plaintiff's motion to compel Jeffrey Manning's medical information or medical records.

6.   Denied.   It is specifically denied that the vehicle involved in the subject accident was Town Motors' vehicle.   It was not.   Plaintiff has known this since July 26, 2000, almost three years ago.   As indicated on the police report, a copy of which was made available to the plaintiff within a short period of time after the accident, the vehicle being operated by Town Motors' employee, Jeffrey Manning, was owned by West Whitehall Township and had been in for service by Town Motors.

It is specifically denied that the "severity of the damage" to the West Whitehall Township vehicle was not known by plaintiff prior to the incident.   It is specifically denied that plaintiff did not have access to information regarding the damage to the West Whitehall Township vehicle prior to May 2003. Plaintiff has had or could have had that information from either before the commencement of the suit or shortly after suit was commenced in July 2002.

WHEREFORE, as plaintiff has presented no information, no documents, no new arguments and no factual or legal bases for reconsideration of the court's order of May 12, 2003 denying plaintiff's motion to compel medical information or medical records of Jeffrey Manning, it is respectfully requested that plaintiff's Motion for Reconsideration be denied, with prejudice.

**DEFENDANT'S RESPONSE TO ADDENDUM TO PLAINTIFF'S MOTION FOR RECONSIDERATION (MAY 16, 2003)**

1. Denied. It is specifically denied that after the accident, Town Motors' employee, Jeffrey Manning, was "laughing," was "speaking abnormally fast," that he was under the influence of any drugs, that he appeared to be under the influence of any drugs, that his eyes were bloodshot or that his speech was slurred. Strict proof of each one of these averments is demanded at the trial of this matter.

By way of further response, plaintiff's claim that Jeffrey Manning "appeared to be under the influence of illegal drugs," is libelous and defamatory! Plaintiff has no knowledge or information of this alleged fact. That plaintiff would even put this in a paper being filed with the court is beyond the pale!

By way of further response, and without waiver of the foregoing information, to the extent that Jeffrey Manning had hit his head on the windshield of the vehicle he was operating and appeared to be, as plaintiff has testified, "in a daze," it is just as likely that his "alleged" daze could have been caused by hitting his head on the windshield as any other reason.

2. Denied. It is specifically denied that Jeffrey Manning's medical records are relevant, or that his medical records, even if relevant, are not otherwise protected from disclosure. It is specifically denied that Jeffrey Manning's medical records would reveal "illegal drug use." Plaintiff has no basis whatever for this allegation. It is nothing more than a

fishing expedition.  There is no basis for any punitive damages claim as a result of the subject car accident.

    3.   Denied.  Town Motors has no knowledge or information regarding plaintiff's brother's alleged use of illegal drugs and what they did to plaintiff's brother or how plaintiff's brother looked when he was under the influence of illegal drugs.  Strict proof of same is demanded, if whatsoever relevant, at any hearing on this issue.

    WHEREFORE, as plaintiff has presented no information, no documents, no new arguments and no factual or legal bases for reconsideration of the court's order of May 12, 2003 denying plaintiff's motion to compel medical information or medical records of Jeffrey Manning, it is respectfully requested that plaintiff's Motion for Reconsideration be denied, with prejudice.

### DEFENDANT'S RESPONSE TO AMENDED ADDENDUM TO PLAINTIFF'S MOTION FOR RECONSIDERATION (May 21, 2003)

    1.   Denied. It is specifically denied that Jeffrey Manning was Town Motors' "agent" at the time of the subject motor vehicle accident.

    By way of further opposition, plaintiff's averments in its Amended Addendum to Motion for Reconsideration dated May 21, 2003 are the same as the allegations stated in plaintiff's Addendum to Motion for Reconsideration dated May 16, 2003.

    As there are no new allegations, no "addenda" to plaintiff's motion for reconsideration, no supporting documents, no supporting expert reports, not a single reference to any statute, rule or case supportive of plaintiff's position,

plaintiff's motion for reconsideration must be denied with prejudice.

  WHEREFORE, plaintiff has presented no information, no documents, no new arguments and no basis for reconsideration of the court's order of May 12, 2003 denying plaintiff's motion to compel medical information or medical records of Jeffrey Manning. Plaintiff's motion for reconsideration of same must be denied, with prejudice.

            CONNOR WEBER & OBERLIES


            _____
            Joseph M. Oberlies, Esquire
            Suite 1C47, The Philadelphian
            2401 Pennsylvania Avenue
            Philadelphia, PA   19130
            (215) 978-2900
            Attorneys for Defendant,
            Town Motors of Exton, Inc.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LORAINE BARLOW-ALBALODEJO        :    CIVIL ACTION
                                 :
          v.                     :    NO. 2:02-cv-04815-BMS
                                 :
TOWN MOTORS OF EXTON, INC.       :
```

**DEFENDANT, TOWN MOTORS OF EXTON, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION, ADDENDUM AND
AMENDED ADDENDUM RE MEDICAL INFORMATION
AND MEDICAL RECORDS OF JEFFREY MANNING**

In March 2003, over 17 months after instituting this suit, plaintiff served supplemental discovery on defendant, Town Motors, requesting information and documents regarding medical care by Jeffrey Manning following the July 26, 2000 motor vehicle accident.

Jeffrey Manning, a Town Motors' employee, was operating the vehicle involved in the motor vehicle accident with plaintiff on July 26, 2000. Jeffrey Manning is not a party to the litigation. Plaintiff never sued Jeffrey Manning nor has plaintiff moved to join Jeffrey Manning in the instant litigation. Furthermore, Jeffrey Manning's health, medical condition and medical status are not at issue in this case.

Town Motors has objected to providing this information as irrelevant, immaterial, privileged, confidential, not likely to lead to the discovery of admissible evidence and not otherwise discoverable under the Federal Rules of Civil Procedure.

During a conference with the Honorable Berle Schiller on May 12, 2003, the court denied plaintiff's motion to compel information and documents relating to Jeffrey Manning's medical conditions or subsequent care, deeming same "irrelevant."

The court has the inherent power to overrule a prior order but generally only if there exists subsequently uncovered facts or if there is recently-published case law supporting a different conclusion than initially reached.

For the reasons stated at length herein, and since plaintiff has presented no additional facts, no reports, no exhibits, no affidavits and not a single statute, rule or case supporting either plaintiff's original request or supporting reconsideration, it is respectfully requested that plaintiff's motion for reconsideration of the May 12, 2003 order denying plaintiff's motion to compel medical information and medical records of Jeffrey Manning be denied, with prejudice.

Respectfully submitted,

CONNOR WEBER & OBERLIES

_____
Joseph M. Oberlies, Esquire
Suite 1C47, The Philadelphian
2401 Pennsylvania Avenue
Philadelphia, PA   19130
(215) 978-2900
Attorneys for Defendant,
Town Motors of Exton, Inc.

**CERTIFICATE OF SERVICE**

JOSEPH M. OBERLIES, ESQUIRE certifies that on May 28, 2003 he served a true and correct copy of Defendant, Town Motors of Exton, Inc.'s Opposition to Plaintiff's Motion for Reconsideration of Plaintiff's Motion to Compel Medical Information and Medical Records of Jeffrey Manning was served on counsel for plaintiff via facsimile and by mailing same via U.S. first class mail, postage prepaid, to the following address:

> J. Michael Considine, Jr., Esquire
> 12 East Barnard Street - Suite 100
> West Chester, PA   19382

_____
JOSEPH M. OBERLIES, ESQUIRE