```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LORAINE BARLOW-ALBALODEJO         :   CIVIL ACTION
                                  :
        v.                        :   NO. 2:02-cv-04815-BMS
                                  :
TOWN MOTORS OF EXTON, INC.        :
```

**DEFENDANT, TOWN MOTORS OF EXTON, INC.'S
SUPPLEMENTAL MOTION IN LIMINE TO EXCLUDE EVIDENCE
AT TRIAL**

In addition to certain evidence identified in Town Motors' Motion in Limine filed on August 22, 2003, it appears from plaintiff's proposed pretrial submissions that plaintiff may seek to introduce evidence that is irrelevant, immaterial, is not probative of any facts at issue, is reasonably likely to obfuscate the issues or confuse the jury and may be prejudicial to Town Motors. This evidence must be excluded under the Federal Rules of Evidence.

A.   <u>Facts Related To The Accident</u>

This evidence includes, *inter alia*, the following:

1. Any testimony by plaintiff about the speed of the vehicle being operated by Jeffrey Manning prior to or at impact;

2. Plaintiff's testimony that at the scene after the accident, Jeffrey Manning was "laughing."

3. Plaintiff's testimony that at the scene after the accident, Jeffrey Manning looked like he was "on drugs" or had "consumed alcoholic beverages."

4. Any evidence of "what happened" to Jeffrey Manning in the accident.

5. Evidence relating to the existence, nature of or amount of property damage to the vehicle being operated by Jeffrey Manning.

6. Any evidence relating to Jeffrey Manning's medical records, including that he went to Chester County Hospital several hours after the accident.

7. Evidence of police citation to Jeffrey Manning for "following too closely."

This case is about personal injuries allegedly sustained by plaintiff and what the investigating police officer described as a "non-reportable" accident. The identified evidence bears no relationship to the facts which are at issue in the case and must be excluded as stated above, or as further stated hereinafter.

Any testimony by plaintiff about the speed of the vehicle being operated by Jeffrey Manning is speculative, hypothetical, and based on no "real" evidence. Plaintiff testified under oath that she did not even see the Manning operated vehicle before the accident. She is not an accident investigation expert or an accident reconstruction expert or any other kind of expert. She is not qualified to render an opinion about the speed of an object she did not see.

At her deposition, plaintiff said that while the police investigation was taking place after the accident, that Jeffrey Manning was "laughing" about something. Mr. Manning denies laughing about anything at the scene of the incident. The investigating police officer does not report Mr. Manning laughing

about anything. Notwithstanding that, Mr. Manning denies having been laughing about anything, it is not probative of issues in the case and could be prejudicial if it is "out there" with the jury.

There is no evidence that Jeffrey Manning had consumed alcohol or was on any drugs or medication. Mr. Manning denies having consumed alcohol or drugs or medication. There was a police officer who investigated the accident. The officer reported no such information. This information is prejudicial to the defense and must be excluded, especially since it is completely untrue!

Jeffrey Manning was not wearing a seatbelt in the incident and his forehead hit the windshield of his vehicle. It created a star in the windshield of his vehicle. Jeffrey Manning had no cuts or bruises, however. Jeffrey Manning did not require any medical intervention at the scene of the incident. The investigating police officer asked Mr. Manning if he was injured and Mr. Manning said he was not. Several hours after the accident, Mr. Manning went to Chester County Hospital at the suggestion of his employer, Town Motors. He was examined and released.

This accident is not about Jeffrey Manning. Jeffrey Manning is not even a party. Evidence of what happened to Jeffrey Manning is irrelevant and immaterial. The fact that there was a "star" in the windshield from Jeffrey Manning's head is not relevant to what happened to the plaintiff in her vehicle. Evidence about Jeffrey Manning going to Chester County Hospital

is likewise not relevant to what happened to plaintiff. Whether Manning was injured, not injured, whether he sought medical attention or did not seek medical attention is not probative of what happened to plaintiff and whether plaintiff sustained injuries as a result of this accident. The evidence should be precluded.

The existence, nature and amount of property damage to the West Whiteland Township vehicle being operated by Jeffrey Manning is similarly not probative or relevant to the issues regarding plaintiff's alleged injuries and, therefore, must be precluded. Moreover, the introduction of such evidence would obfuscate the issues or potentially confuse the jury by injecting extraneous evidence into the picture which is not germane to plaintiff's injuries.

The investigating police officer cited Jeffrey Manning for "following too closely." Mr. Manning contested the ticket and the matter was dropped or not pursued. In short, there is no evidence that Mr. Manning was, in fact, "following too closely" in violation of the Motor Vehicle Code §3310.

Even if Mr. Manning had pled guilty to the citation, which he did not, Pennsylvania law provides that a plea of guilty is not admissible as evidence in any civil matter arising out of the same violation or under the same facts or circumstances. See 42 Pa. C.S.A. §6142; see also Loughner v. Schmelzer, 218 A.2d 768 (Pa. Super. 1966).

In short, there was never any proceeding on the ticket and his having gotten a ticket is irrelevant, immaterial, not

probative of the issues in the case and otherwise not admissible under law.

B. <u>Plaintiff's Medical Bills</u>

Plaintiff has never provided defendant with any medical bills. In her proposed Pretrial Submissions, plaintiff identifies medical bills which she intends to put into evidence at trial.

Plaintiff is factually and legally precluded from pleading, proving or recovering her medical bills related to the subject accident.

Plaintiff did not produce medical bills during discovery.

Even if plaintiff had timely produced medical bills during discovery, she would not be able to plead, prove or recover medical bills related to the injuries she sustained in the accident because at the time of the accident, she was the owner of a registered, but uninsured vehicle. Under Pennsylvania law, the owner of a registered, uninsured vehicle is precluded from pleading, proving or recovering the amounts for medical bills. See 75 Pa. C.S.A. §1714. See also, <u>McClung v Breneman</u>, 700 A.2d 495 (Pa. Super. 1997); <u>Bryant v. Reddy</u>, 793 A.2d 926 (Pa. Super.) *appeal denied* 885 A.2d 518 (Pa. 2002).

Against this background, plaintiff must be precluded

from pleading, proving or recovering any of her medical bills that are allegedly related to the subject incident.

                                Respectfully submitted,

                                CONNOR WEBER & OBERLIES

                                _____
                                Joseph M. Oberlies, Esquire
                                Suite 1C47, The Philadelphian
                                2401 Pennsylvania Avenue
                                Philadelphia, PA   19130
                                (215) 978-2900
                                Attorneys for Defendant,
                                Town Motors of Exton, Inc.

**CERTIFICATE OF SERVICE**

JOSEPH M. OBERLIES, ESQUIRE certifies that on August 25, 2003, he serve a true and correct copy of Defendant, Town Motors of Exton, Inc.'s Supplemental Motion In Limine To Exclude Evidence upon counsel for plaintiff by mailing same to him via facsimile and U.S. first class mail, postage prepaid, at the following address:

> J. Michael Considine, Jr., Esquire
> 12 East Barnard Street - Suite 100
> West Chester, PA   19380

_____
JOSEPH M. OBERLIES, ESQUIRE

```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LORAINE BARLOW-ALBALODEJO       :    CIVIL ACTION
                                :
          v.                    :    NO. 2:02-cv-04815-BMS
                                :
TOWN MOTORS OF EXTON, INC.      :
```

## **ORDER**

AND NOW, this         day of           , 2003, upon consideration of Defendant, Town Motors of Exton, Inc.'s Supplemental Motion in Limine to Exclude Evidence, and plaintiff's response thereto, it is hereby ORDERED that said motion is GRANTED as more particularly set forth by the court.

BY THE COURT:

_____
                                                              J.