IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LORRAINE BARLOW-ALBALODEJO,** : | | |
| Plaintiff, : | | **CIVIL ACTION** |
| : | | |
| v. : | | |
| : | | |
| **TOWN MOTORS OF EXTON, INC,** : | | **No. 02-4815** |
| Defendant. : | | |

## ORDER

**AND NOW**, this **26th** day of **August, 2003**, upon consideration of Defendant's Omnibus Motion in Limine to Exclude, or, in the Alternative, Limit Plaintiff's Evidence and Testimony and Defendant's Supplemental Motion in Limine to Exclude Evidence, and following a conference with counsel for the parties on **August 26, 2003**, it is hereby **ORDERED** that:

1. The Court reserves judgment regarding Defendant's Omnibus Motion in Limine to Exclude, or in the Alternative, Limit Plaintiff's Evidence and Testimony.

2. Defendant's Supplemental Motion in Limine to Exclude Evidence is **GRANTED in part** and **DENIED in part**, as follows:

    a. Plaintiff is precluded from testifying regarding:

    i. the speed at which the vehicle operated by Jeffrey Manning was traveling on or before impact;

    ii. her impression that Jeffrey Manning was intoxicated after the accident; and

    iii. Jeffrey Manning laughing after the accident.

    b. Any testimony or evidence regarding a police citation issued to Jeffrey Manning for his actions immediately preceding the accident is not admissible at trial.

    c.    Evidence relating to injuries sustained by Jeffrey Manning in the accident, including medical records from Jeffrey Manning's post-accident treatment at Chester County Hospital is admissible at trial.

    d.    Photographs showing damage sustained by the vehicle operated by Jeffrey Manning in the accident are admissible at trial.

    e.    In all other respects, judgment on the Motion is reserved.

3.    A settlement conference has been scheduled before the Honorable Berle M. Schiller for **Thursday, September 4, 2003 at 9:30 A.M.,** Room 5614, United States Courthouse, 601 Market St., Philadelphia, PA 19106. Counsel for each of the parties must be prepared to discuss settlement and have settlement authority on the day of the conference. The parties, or representatives thereof with sufficient settlement authority, must be available by telephone during the conference. Counsel are directed to fax confidential position papers directly to Chambers (Fax: 267-299-7621) by **September 2, 2003**. Each position paper should address the party's settlement position, as well as any other issue that counsel believes will be of assistance to the Court in helping the parties resolve this matter. **THIS DOCUMENT IS NOT TO BE SHARED WITH OPPOSING COUNSEL NOR FILED OF RECORD.**

                                **BY THE COURT:**

                                **Berle M. Schiller, J.**