IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORAINE BARLOW-ALBALODEJO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:02-cv-04815-BMS |
| | : | |
| TOWN MOTORS OF EXTON, INC. | : | |

**ORDER**

AND NOW, this _____ day of _____, 2003, upon consideration of plaintiff's motion for leave to amend complaint, and Town Motors' opposition thereto, it is hereby ORDERED that plaintiff's motion is DENIED, with prejudice.

BY THE COURT:


_____
J.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LORAINE BARLOW-ALBALODEJO | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 2:02-cv-04815-BMS |
| | : | |
| TOWN MOTORS OF EXTON, INC. | : | |

**DEFENDANT, TOWN MOTORS OF EXTON, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

1. Denied. It specifically denied that plaintiff has or had brain damage. It is specifically denied that plaintiff has "an inability to concentrate," "memory loss," "cognitive deficits" and "inability to mentally focus." It is specifically denied that these purported symptoms have "become clear over time." It is specifically denied that neuropsychologist Massari gave an opinion that plaintiff has "brain damage." Dr. Massari's report is a writing, the contents of which speaks for itself.

2. Admitted in part, denied in part. It is specifically denied that plaintiff's proposed amendment is made to conform to "the evidence." It is admitted that Town Motors retained a neuropsychologist to evaluate plaintiff in late July 2003, with court permission. It is specifically denied, however, that Town Motors is not prejudiced by plaintiff's motion for leave to amend, as discussed in further detail in its supporting memorandum of law.

Plaintiff incorporates by reference the points and arguments stated in its supporting memorandum of law, as if the

same were set forth at length herein

   WHEREFORE, in consideration of the foregoing, and in consideration of the additional points and arguments in its accompanying memorandum of law, Town Motors of Exton, Inc. respectfully requests that plaintiff's motion for leave to file an amended complaint be denied with prejudice.

            CONNOR WEBER & OBERLIES

            _____
            Joseph M. Oberlies, Esquire
            Suite 1C47, The Philadelphian
            2401 Pennsylvania Avenue
            Philadelphia, PA   19130
            (215) 978-2910

            Attorney for Defendant,
            Town Motors of Exton, Inc.

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

LORAINE BARLOW-ALBALODEJO           :      CIVIL ACTION
                                    :
            v.                      :      NO. 2:02-cv-04815-BMS
                                    :
TOWN MOTORS OF EXTON, INC.          :

**DEFENDANT, TOWN MOTORS OF EXTON, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

I.   STATEMENT OF FACTS

On August 27, 2003, virtually on the eve of trial, plaintiff filed a motion for leave to amend her complaint.

Plaintiff's proposed amended complaint, appended to plaintiff's motion for leave to amend complaint does significantly more than allege "brain injury" or "cognitive deficits." The proposed amended complaint purports to identify the following <u>additional</u> items of damage as a result of the subject accident:

(a) Significant weakness of visual processing speed and working memory;
(b) Poor arithmetic computational skills;
(c) Significant word retrieval problems in her recall;
(d) impaired immediate and delayed recall;
(e) impaired auditory verbal memory;
(f) significant interference effects;
(g) word retrieval problems;
(h) impairment in mental flexibility;
(i) impairment in multi-tasking;
(j) ability to shift mental sets rapidly
(k) decrease in functions typically associated with the frontotemporal regions of the brain;
(l) permanent neurocognitive deficits;
(m) permanent vocational disability from a neuropsychological perspective;
(n) physical and emotional pain and suffering;
(o) loss of life's pleasures;
(p) over $55,000.00 in medical bills (only $35,000.00 had been plead in original complaint).

See plaintiff's proposed amended complaint at ¶9.

Plaintiff's proposed amended complaint, changing the nature of plaintiff's claim, is too late. Further, it is prejudicial to Town Motors. As set forth below, plaintiff's motion for leave to amend must be denied with prejudice.

## II. STATEMENT OF LAW

Under Federal Rule of Civil Procedure 15(a), "If a responsive pleading has been filed, then a party may amend a pleading only upon leave of the court or written consent of the adverse party." Glaziers & Glass Workers v. Janney Montgomery Scott, 155 F.R.D. 97, 99 (E.D. Pa. 1994). Although leave to amend a complaint may be freely granted in the interests of justice, a motion to amend is committed to the sound discretion of the district judge. See Gay v. Petsock, 917 F.2d 768, 772 (3d Cir. 1990). The court may exercise this discretion in "the absence of any apparent or declared reason -such as [1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [5] futility of the amendment, etc." See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

The Third Circuit has interpreted the Foman factors to emphasize that "prejudice to the non-moving party is the touchstone for the denial of the amendment." Hill v. Equitable Bank, N.A., 109 F.R.D. 109, 112 (D. Del. 1985) (*citing* Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). "If the amendment substantially changes the theory on which the case has been proceeding and is proposed late

enough so that the opponent would be required to engage in significant new preparation, the court may deem it prejudicial." Rehabilitation Inst. v. Equitable Life Assurance Society of the United States, 131 F.R.D. 99, 102 (W.D. Pa. 1992) (*citing* 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1487 (1990)), *aff'd*, 937 F.2d 598 (3d Cir. 1991).  *See* Niesse v. Shalala, 17 F.3d 264, 266 (8th Cir. 1994) (refusing to find the district court abused its discretion in denying a request to amend where it "was correct in noting that considerable additional discovery would be required to deal with the question of class certification"); Berger v. Edgewater Steel Co., 911 F.2d 911, 924 (3d Cir. 1990) (affirming district court's denial of motion for leave to amend where "allowing the amendment would inject new issues into the case requiring extensive discovery"), *cert. denied*, 499 U.S. 920, 111 S. Ct. 1310, 113 L. Ed. 2d 244 (1991); Cuffy v. Getty Ref. & Mktg. Co., 648 F. Supp. 802, 806 (D. Del. 1986) (noting "the general presumption in favor of allowing amendment can be overcome by the opposing party showing that the amendment will be prejudicial").

In the instant matter, not only is plaintiff's motion for leave to amend her complaint filed late in the game. Plaintiff's motion is made well after virtually every item of investigation and discovery in the case, including plaintiff's own sworn testimony and plaintiff's attorney's multiple representations, revealed this to be a relatively minor accident without apparent brain injuries.

Plaintiff filed her complaint in July 2002.

Eleventh months later, in June 2003, after the

conclusion of fact and expert discovery, plaintiff identified Dr. Massari as a neuropsychological expert who purported to opine about certain neuropsychological deficits based upon his limited evaluation of plaintiff in June 2003.

In the meantime, Town Motors had investigated and discovered plaintiff's claims through a number of conventional discovery techniques, including interrogatories, document requests and plaintiff's deposition upon oral examination.

There is nothing in plaintiff's interrogatory answers stating or implying that plaintiff has any "brain damage" or "cognitive deficits," or "emotional disturbance" as a result of the subject accident. Furthermore, during the entire case, plaintiff had produced no documents or medical records or reports which referenced, let alone connected, any purported brain damage, cognitive deficits or emotional disturbance with the subject accident.

In fact, at plaintiff's deposition in April 2003, plaintiff testified that her head did not hit anything in the accident. See N.T. plaintiff's deposition, April 29, 2003, appended hereto and collectively identified at Exhibit "A-2" at p. 80. Plaintiff also testified that her head did not hit the windshield in the accident. See Exhibit "A-2" at p. 81.

Moreover, plaintiff's head did not hit the steering wheel in the accident. See Exhibit "A-2" at p. 81. Finally, no other part of plaintiff's body came in contact with any other part of the interior of the car. See Exhibit "A-2" at p. 81. In fact, during plaintiff's oral examination, plaintiff's attorney

repeatedly stated that plaintiff was not claming "brain damage," rather, only a "physical injury," i.e., her neck conditions. See N.T. plaintiff's deposition, March 12, 2003, appended hereto and collectively identified at Exhibit "A-2" at pp. 30-31, 33-34 and 75.

There was no other evidence uncovered during the course of the investigation into the accident that the accident was significant or involved serious injuries like brain damage. On the contrary, the investigating police officer who arrived on the scene a few minutes after the accident classified the accident as "non-reportable," meaning it was not serious and did not involve injuries. See police report appended hereto and identified as Exhibit "B."

Moreover, plaintiff did not tell the investigating police officer that she was injured. Plaintiff requested no medical attention from the investigating police officer or otherwise by emergency medical personnel. See Exhibit "B."

The damage to plaintiff's vehicle is barely visible. There is nothing about the physical damage to plaintiff's vehicle which would even hint at a serious accident or one that resulted in brain injuries. See copies of photographs of plaintiff's vehicle appended hereto and collectively identified as Exhibit "C."

There was nothing in the investigation, plaintiff's preliminary discovery responses, the police report, the photographs of plaintiff's vehicle or in any other of the information or documents produced by anyone in discovery upon which Town Motors was or should have been put "on notice" of

suspected brain injuries.

In June 2003, when plaintiff initially obtained Dr. Massari's report, plaintiff did nothing relative to amending her complaint.

In July 2003, plaintiff did nothing in the way of moving to amend her complaint or seeking court approval to do so.

On August 22, 2003, Town Motors filed a comprehensive Motion in Limine seeking, inter alia, to preclude any evidence of "brain damage," "cognitive deficits" or "emotional disturbance" evidence at trial. Town Motors also moved to preclude or at least limit the testimony of plaintiff's neuropsychologist, Dr. Massari.

It was not until August 26, 2003, at the pretrial conference with Judge Schiller, that plaintiff first raised the issue, and only upon suggestion by the court, regarding plaintiff seeking leave to amend her complaint to assert the so-called "brain damage" claims.

Town Motors is prejudiced by plaintiff's late attempt to amend her complaint. The motion for leave to amend was filed after the final pretrial conference on August 26, 2003. The issues which were the subject of the pretrial conference were already identified by counsel in their pretrial submissions and discussed with Judge Schiller at the pretrial conference.

Discovery is closed. So is expert discovery.

Had plaintiff sought leave to amend her complaint in a timely manner, Town Motors would have done a number of additional

things in order to discover the brain damage claims, including, but not limited to the following:

    (a)   Neuropsychiatric evaluation;

    (b)   Neuropsychiatric records review;

    (c)   MRI of the brain;

    (d)   Brain scan;

    (e)   EEG;

    (f)   Neurologic evaluation by specialist;

    (g)   Taking the discovery depositions of plaintiff's family members or friends who purportedly would testify at trial about plaintiff's impaired brain functioning;

    (h)   Subpoenaing records of plaintiff's accident when she was 12 years old when she was hit by a speeding car as a pedestrian, in which she sustained head injuries and was hospitalized for same for 1-2 weeks and as a result of which she had, inter alia, amnesia; and

    (i)   Subpoenaing other records.

It is not enough for plaintiff to now state that there is no prejudice simply because Town Motors was permitted to engage a neuropsychologist and have the plaintiff undergo a neuropsychological evaluation of its own in July 2003.

That neuropsychological evaluation, by the way, included a complete review of all of plaintiff's records, including her medical records, scholastic records and other pre-incident records which revealed the level of plaintiff's functioning pre-incident. Dr. Massari's evaluation did not include any of the pre-incident records and as noted in Town Motors' motion in limine to preclude his testimony, Dr. Massari was unable to form any conclusions or opinions about plaintiff's pre-incident mental functioning from which he could reasonably conclude that there was a difference in her mental functioning

three years post-incident.  See Town Motors' Motion in Limine to Preclude or Limit Dr. Massari's testimony.

In short, plaintiff is not seeking to "change horses" in midstream.  What plaintiff is seeking is to "change horses" after she has already crossed the stream and is on the far bank.  Plaintiff's proposed amended complaint changes her claim from being a neck injury case to a much, much different case, a purported brain damage case.  Compare the proposed itemized damages which are new in plaintiff's proposed amended complaint at paragraph 9, with plaintiff's original paragraph 9.  See plaintiff's original complaint, a copy of which is appended hereto as Exhibit "D."

Of particular note, plaintiff has not identified a single case or authority which would provide support for the late amendment of her complaint.

Against this background, and in consideration of the inequities, injustice and prejudice which would result were plaintiff's motion for leave to amend be granted, Town Motors respectfully requests that this Honorable Court deny plaintiff's motion for leave to amend complaint, with prejudice.

Respectfully submitted,

**CONNOR, WEBER & OBERLIES**

_____
Joseph M. Oberlies, Esquire
Attorney I.D. No. 38982
Suite lC47, The Philadelphian
2401 Pennsylvania Avenue
Philadelphia, PA   19130
(215) 978-2900
Attorneys for Defendant,
Town Motors of Exton, Inc.

## **CERTIFICATE OF SERVICE**

JOSEPH M. OBERLIES, ESQUIRE certifies that on September 10, 2003, he served a true and correct copy of Defendant, Town Motors of Exton, Inc.'s Response in Opposition to Plaintiff's Motion For Leave to Amend Complaint upon counsel for plaintiff by FEDEX to him at the following address:

> J. Michael Considine, Jr., Esquire
> 12 East Barnard Street - Suite 100
> West Chester, PA   19380


_____
JOSEPH M. OBERLIES, ESQUIRE