```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LORAINE BARLOW-ALBALODEJO        :    CIVIL ACTION
                                 :
         v.                      :    NO. 2:02-cv-04815-BMS
                                 :
TOWN MOTORS OF EXTON, INC.       :
```

**ORDER**

AND NOW, this         day of                , 2003, upon consideration of Town Motor's Objections to Plaintiff's Eleventh Set of Disclosures and Supplemental Memorandum in Support of Its pending Motion in Limine to Preclude or Limit Testimony of One of Plaintiff's Medical Experts, Pierre LeRoy, M.D., and plaintiff's response thereto, it is hereby ORDERED that Pierre L. LeRoy M.D. is precluded from testifying on plaintiff's behalf at trial.

                              BY THE COURT:


                              _____
                                                          J.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LORAINE BARLOW-ALBALODEJO        :    CIVIL ACTION
                                 :
         v.                      :    NO. 2:02-cv-04815-BMS
                                 :
TOWN MOTORS OF EXTON, INC.       :
```

**DEFENDANT, TOWN MOTORS OF EXTON, INC.'S
OBJECTIONS TO PLAINTIFF'S ELEVENTH SET OF DISCLOSURES
AND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS PENDING
MOTION IN LIMINE TO PRECLUDE OR LIMIT TESTIMONY OF ONE OF
PLAINTIFF'S MEDICAL EXPERTS, PIERRE LeROY, M.D.**

On August 27, 2003, plaintiff filed her Eleventh Set of Disclosures. See plaintiff's Eleventh Set of Disclosures, with accompanying correspondence of Pierre L. LeRoy, M.D. dated August 26, 2003, copies of which are appended hereto and identified collectively as Exhibit "A."

Dr. LeRoy is one of plaintiff's medical experts and is expected to testify at trial beginning September 22, 2003. Dr. LeRoy has authored a number of reports as follows: March 21, 2001, June 10, 2003 (two separate reports) and July 1, 2003.

Town Motors has sought to preclude or at least limit the testimony of Dr. LeRoy as per its Omnibus Motion in Limine filed on August 22, 2003. In addition to the reasons stated therein, and without limitation thereto, Town Motors also objects to plaintiff's Eleventh Set of Disclosures and moves to preclude the testimony of Pierre L. LeRoy, M.D. for the following reasons.

The Pennsylvania Supreme Court has held that "no matter how skilled or experienced the witness may be, he will not be permitted to guess or to state a judgment based on mere conjecture." Collins v. Hand, 246 A.2d 398, 404 (Pa. 1968). The

Pennsylvania Superior Court has reviewed the degree of medical certainty necessary to prove causation and has explained:

> When a party must prove causation through expert testimony the expert must testify with "reasonable certainty" that "in his professional opinion, the result in question did come from the cause alleged."
>
> An expert fails this standard of certainty if he testifies "that the alleged cause "possibly", or "could have" led to the result, that it "could very properly account" for the result, or even that it was "very highly probable" that it caused the result.
>
> The issue is not merely one of semantics. There is a logical reason for the rule. The opinion of an expert is evidence.
>
> If the fact finder chooses to believe it, he can find as fact what the expert gave as an opinion. For a fact finder to award damages for a particular condition to a plaintiff it must find as a fact that the condition was legally caused by the defendant's conduct.

<u>Cohen v. Albert Einstein Medical Center</u>, 592 A.2d 720, 723-724 (Pa. Super. 1991).

Under Pennsylvania law, then, an expert is required to opine about his conclusions and opinions to a reasonable degree of "certainty" as per that expert's profession. See <u>Kovach v Central Trucking, Inc.</u>, 808 A.2d 958 (Pa. Super. 2002) (reasonable "medical certainty").

To the extent Dr. Leroy has expressed opinions in his reports, he has stated these opinions "with reasonable medical <u>probability</u>" (emphasis added). In his correspondence of August 26, 2003, Dr. Leroy proposes to change the standard of his opinion to "reasonable medical <u>certainty</u>" (emphasis added).

The proposed change in the standard stated by Dr. LeRoy is more than mere semantics. See <u>Kovach</u>, <u>Id</u>. at citing <u>Cohen v Albert Einstein Medical Center</u>, 592 A.2d 720, 723-24 (Pa. Super.

1991).  It is a material change in the standard for establishing the basis of an expert opinion under Pennsylvania law.

An expert proposing to state an opinion with "reasonable probability" would not be permitted to testify to such conclusions and opinions under Pennsylvania law.  See <u>Cohen v Albert Einstein Medical Center</u>, 592 A.2d 720, 723-24 (Pa. Super. 1991).

With respect to medical opinions, therefore, Pennsylvania law requires that the proposed opinions be stated with reasonable "medical certainty."  In his reports of March 21, 2001, June 10, 2003 and July 1, 2003, Dr. LeRoy did not state any opinions with reasonable medical <u>certainty</u> as required by Pennsylvania law.

Town Motors objects to plaintiff's Eleventh Set of Disclosures to Dr. Leroy's addendum of August 26, 2003, and, in addition to the other reasons stated in its motion in limine filed on August 22, 2003, further moves to preclude the testimony of Dr. LeRoy for his failure to state his opinions with the requisite degree of medical certainty under Pennsylvania law.

Respectfully submitted,

CONNOR WEBER & OBERLIES

_____
Joseph M. Oberlies, Esquire
Suite 1C47, 2401 Pennsylvania Avenue
Philadelphia, PA   19130
(215) 978-2910

Attorneys for Defendant,
Town Motors of Exton, Inc.

**CERTIFICATE OF SERVICE**

    JOSEPH M. OBERLIES, ESQUIRE certifies that on September 10, 2003, he served a true and correct copy of Defendant, Town Motors of Exton, Inc.'s Objections to Plaintiff's Eleventh Set of Disclosures and Supplemental Memorandum In Support of Its Pending Motion in Limine to Preclude Or Limine Testimony of One of Plaintiff's Medical Experts, Pierre LeRoy, M.D. upon counsel for plaintiff via FEDEX at the following address:

>J. Michael Considine, Jr., Esquire
>12 East Barnard Street - Suite 100
>West Chester, PA   19380

                                            _____
                                            JOSEPH M. OBERLIES, ESQUIRE

**CERTIFICATE OF SERVICE**

    JOSEPH M. OBERLIES, ESQUIRE certifies that on August 27, 2003, he serve a true and correct copy of Defendant, Town Motors of Exton, Inc.'s Exhibit Package in Support of its Pending Omnibus Motion in Limine to Preclude or Limit Evidence From Or By Plaintiff's Experts upon counsel for plaintiff by mailing same to him via U.S. first class mail, postage prepaid, at the following address:

        J. Michael Considine, Jr., Esquire
        12 East Barnard Street - Suite 100
        West Chester, PA   19380

                                  _____
                                  JOSEPH M. OBERLIES, ESQUIRE